IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

ACQUISITION & RESEARCH LLC,

    **Plaintiff,**

                            Civil Action 2:22-cv-2333
    v.                            Magistrate Judge Elizabeth P. Deavers

ROGER G. FILION, *et al.*,

    **Defendants.**

## OPINION AND ORDER

With the consent of the parties and by Order of Reference (ECF No. 15), pursuant to 28 U.S.C. § 636(c), this matter is before the Court for consideration of Plaintiff's Motion for Judgment on the Pleadings. (ECF No. 19.) On October 20, 2022, Defendants Roger G. Filion, Jr. and R. Filion Manufacturing Inc. dba Kasi Infrared ("RFM") filed Defendants' Brief in Opposition to Plaintiff's Motion for Judgment on the Pleadings. (ECF No. 25.) On November 17, 2022, Plaintiff Acquisition & Research LLC ("A&R") filed Plaintiff's Reply in Support of Motion for Judgment on the Pleadings. (ECF No. 28.) On November 21, 2022, Defendants filed Defendants' Motion for Leave to File Sur-Reply, seeking leave to address "several new issues" raised in the Reply. (ECF No. 30.)

For the following reasons, Plaintiff's Motion for Judgment on the Pleadings (ECF No. 19) is **DENIED**, and Defendants' Motion for Leave to File Sur-Reply (ECF No. 30) is **GRANTED**.

**I.**

In this breach of contract action, A&R alleges that it is entitled to 10% of the proceeds from the sale of RFM.  Prior to the sale, RFM and its owner and president, Defendant Filion, entered into an agreement (the "Consulting Agreement") with A&R.  Under the terms of the Consulting Agreement, A&R agreed to "assist [Defendants] in the process of finding, identifying, contacting and advising [Defendants] of potential qualified buyers for [Defendants' business] on behalf of [Defendants]."  (ECF No. 1-1 at PAGEID # 5, ¶ 1).  In return, Defendants would pay A&R a "Consulting Fee" equal to 10% of the total transaction value so long as Defendants' company was sold within twelve months of October 5, 2021.  (*Id.* at PAGEID # 6, ¶ 5).  A&R says that despite the completed sale within the required time frame, Defendants have not paid the 10% Consulting Fee.  (ECF No. 1 at PAGEID # 2).

In response, Defendants have filed Counterclaims for reformation and/or rescission of the Consulting Agreement, generally alleging mutual and/or unilateral mistake insofar as the Consulting Agreement did not accurately reflect the terms of the parties' agreement.  (ECF No. 12.)  Specifically, Defendants allege that they only agreed to pay A&R the Consulting Fee if A&R "procured the buyer," and that they never believed that A&R would be entitled to the Consulting Fee regardless of its role in the sale of Defendants' company.  (*See id.*)  Defendants also allege that A&R repudiated the Consulting Agreement before Defendants found a buyer for the company.  (*Id.*)

Against this background, A&R moves for judgment on the pleadings under the legal principle that failure to read the terms of a contract is not a valid defense to the enforcement of that contract.  (ECF No. 19.)  Specifically, A&R submits that "Defendants offer a conclusory assertion that they did not detect the mistake despite the exercise of reasonable care, and the

[Defendants] should not bear the responsibility of the mistake." (*Id.* at PAGEID ## 75-76 (internal quotation marks and citation omitted).)  This allegation, according to A&R, is "not supported by a single statement of fact that could support such an inference of due care or that excuses Defendants' failure to read the [Consulting Agreement] as a matter of law." (*Id.* at PAGEID # 76.)  A&R further argues that "Defendants cannot demonstrate they used reasonable diligence or were not negligent as a matter of law," and that in fact "the pleadings demonstrate they did not read the Consulting Agreement." (*Id.*)  As a result, and without any allegation that A&R was aware of any mistake in the Consulting Agreement, A&R argues that Defendants' own negligence dooms their defense of mistake and entitles A&R to judgment. (*See id.* at PAGEID ## 76-77 ("[T]here is not a single fact pled from which there is a plausible inference that the Plaintiff could be said to have known Defendants were mistaken.").)

In response, Defendants argue that A&R "ignores the [Defendants'] factual allegations demonstrating that the [Consulting Agreement] does not actually represent the terms of the parties' true contractual agreement, and that A&R previously breached and repudiated its obligations under [the Consulting Agreement]." (ECF No. 25 at PAGEID # 86.)  Defendants also submit that "A&R likewise ignores the numerous affirmative defenses asserted by [Defendants] in addition to their unilateral and mutual mistake counterclaims," which "require factual development, precluding judgment on A&R's breach of contract claim under Rule 12(c)." (*Id.* at PAGEID # 103.)

In reply, A&R insists that Defendants cannot meet the elements of mutual mistake or unilateral mistake. (ECF No. 28 at PAGEID ## 110-114.)  A&R argues that Defendants improperly rely on inadmissible parol evidence, and that Defendants' arguments regarding A&R's knowledge are nothing more than "red herrings offered to rehash Defendants' argument

while distracting from the fact that there is no evidence of any kind in the record to support the notion that [A&R] should have known of [Defendant] Filion's mistake." (*Id.* at PAGEID # 112.) A&R also argues that Defendants' request for reformation or rescission is barred by Defendants' own negligence, as "[Defendant] Filion's failure to appropriately review the [Consulting Agreement] until six months after signing it and after [A&R's] performance is at best negligence." (*Id.* at PAGEID ## 114-115 (internal quotation marks omitted).)

Following A&R's reply, Defendants moved for leave to file a four (4) page surreply to address various issues which A&R raised for the first time in its reply brief. (ECF No. 30.) For good cause shown, Defendants' request (ECF No. 30) is **GRANTED**. The Clerk is **DIRECTED** to file Defendants' [Proposed] Sur-Reply in Opposition to Plaintiff's Motion for Judgment on the Pleadings, which is attached to Defendants' request to file a surreply at ECF No. 30-1, and which the Court considers here. The matter is thus fully briefed and ripe for judicial review.

## II.

Rule 12(c) of the Federal Rules of Civil Procedure allows a party to move for judgment on the pleadings. Fed. R. Civ. P. 12(c). When a plaintiff moves for judgment on the pleadings, "the motion should be granted if, on the undenied facts alleged in the complaint and assuming as true all the material allegations of fact in the answer, the plaintiff is entitled to judgment as a matter of law." *Ohio Nat'l Life Ins. Co. v. Cetera Advisor Networks, LLC*, No. 1:19-CV-47, 2021 WL 2819838, at *2 (S.D. Ohio July 7, 2021) (citations omitted). Thus, when reviewing a plaintiff's motion for judgment on the pleadings, the Court does not just determine the legal sufficiency of the plaintiff's factual allegations as it does when reviewing a Rule 12(b)(6) motion to dismiss. *Id.* Rather, the Court also looks to the factual allegations in the defendant's answer and determines whether, "on the undenied facts alleged in the complaint . . . the plaintiff is

4

entitled to judgment as a matter of law." *Id.* (citing *Lowden v. Cnty. Of Clare*, 709 F. Supp. 2d 540, 546 (E.D. Mich. 2010).

When a plaintiff moves for judgment on the pleadings as to a counterclaim, the "court must construe the [counterclaims] in a light most favorable to the [defendant]." *Lowden*, 709 F. Supp. 2d at 545 (*quoting Bloch v. Ribar*, 156 F.3d 673, 677 (6th Cir. 1998)). The factual allegations must be enough to raise a right to relief above a "speculative level," *id.* (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555-56 (2007)), and contain sufficient factual matter, "accepted as true, to state a claim to relief that is plausible on its face," *id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted)).

### III.

Here, although A&R does not discuss Rule 12(c) and provides little clarity regarding the scope of its Motion, the Court construes the Motion to seek judgment on the pleadings regarding both its Complaint and Defendants' Answer to Complaint, Affirmative Defenses, and Counterclaims, ECF No. 12 (the "Answer and Counterclaims"). Accordingly, the Court accepts the allegations in the Answer and Counterclaims as true and construes them in the light most favorable to Defendants. *Rouse v. Nationwide Mut. Ins. Co., et al.*, No. 2:21-CV-4833, 2023 WL 2522813, at *3 (S.D. Ohio Mar. 15, 2023) ("For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment.") (internal citations omitted). And when doing so, the Court finds that A&R is not entitled to judgment on the pleadings. While A&R may, or may not, ultimately prevail on the merits of its claim at summary judgment or at trial, Defendants adequately pleaded sufficient facts which, accepted as true, preclude judgment at this stage of the proceedings.

5

First, for example, Defendants have adequately alleged facts to support their defenses of unilateral and/or mutual mistake, insofar as they allege that the parties – or that Defendants, at the very least – were mistaken as to the critical provision regarding what triggered the payment of the 10% Consulting Fee. Specifically, Defendants allege that C. Max Meyer, the owner of A&R, "assured" Defendant Filion in an email[1] that the Settlement Agreement provided that Mr. Meyer would be paid "*if I do get someone to purchase the company*." (ECF No. 12 at PAGEID # 49, ¶ 59 (emphasis in original).) This allegation, which the Court must take as true for purposes of the subject Motion, clearly supports Defendants' allegation that they believed (and, perhaps, that A&R believed as well) that the Consulting Agreement "reflected the parties' existing agreement whereby Meyer would receive a 10% commission *if and only if* Meyer procured the buyer." (*Id.* at ¶ 61 (emphasis in original).)[2] This goes directly to the heart of Defendants' defenses of unilateral and/or mutual mistake, both of which require a misunderstanding by at least one of the parties as to the contents of the contract. *See ArcelorMittal Cleveland, Inc. v. Jewell Coke Co., L.P.*, 750 F. Supp. 2d 839, 847-848 (N.D. Ohio

---

[1] A&R argues that the Court cannot consider the subject email because it is parol evidence and therefore inadmissible, but under Ohio law "[p]arol evidence is [] admissible to demonstrate a mutual mistake." *Schlabach v. Kondik*, 2017-Ohio-8016, ¶ 14, 98 N.E.3d 1048, 1053 (7th Dist.) (citing *Mangano v. Dawson*, 7th Dist. No. 93–C–72, 1995 WL 358685, *4 (June 13, 1995)); *see also Lesniak v. Mission Essential Pers., LLC*, No. 2:12-CV-1041, 2013 WL 12123905, at *5 (S.D. Ohio June 4, 2013) ("The parole evidence rule, as construed by Ohio courts, states that 'absent fraud, *mistake* or other invalidating cause, the parties' final written integration of their agreement may not be varied, contradicted or supplemented by evidence of prior or contemporaneous oral agreements, or prior written agreements.'") (emphasis added) (quoting *Galmish v. Cicchini,* 90 Ohio St.3d 22, 734 N.E.2d 782, 788 (2000) (citing 11 *Williston on Contracts* 569-70, § 33.4 (4 Ed.1999))).

[2] A&R argues that the email "is not even inconsistent with the terms of the Consulting Agreement," but the Court disagrees. At the very least, the Court finds it is reasonable that Defendants *could have* taken Mr. Meyer's statement to mean – and that Mr. Meyer *could have* intended this statement to mean – that the Consulting Fee was contingent upon A&R finding a buyer, rather than to mean that the Consulting Fee would be paid regardless of who found a buyer. (*See* ECF No. 12 at PAGEID # 49, ¶ 59.)

2010) ("To succeed on a claim of mutual mistake, a court must find by clear and convincing evidence that the parties were mutually mistaken regarding the contents of the contract . . . . A unilateral mistake occurs when one party recognizes the true effect of an agreement while the other does not.") (internal citations omitted).  Given this fundamental dispute, the Court finds that a set of facts exists under which Defendants could prevail against A&R's breach of contract claim.  *Bruce v. City of Miamisburg*, No. 3:21-CV-00080, 2021 WL 4479506, at *2 (S.D. Ohio Sept. 30, 2021) ("Judgment on the pleadings is appropriate when '[the nonmoving party] can undoubtedly prove no set of facts in support of the claims that would entitle relief.'") (quoting *E.E.O.C v. J.H. Routh Packing Co.*, 246 F.3d 850, 851 (6th Cir. 2001).

A&R's arguments do not change this conclusion.  First, for example, while A&R maintains that Defendants' own negligence "is the death knell to [their] defense of mistake," the facts set forth in the subject pleadings do not indisputably establish Defendants' negligence.  (ECF No. 19 at PAGEID # 75.)  First, to the extent Defendants did not understand until April 2022 how A&R interpreted the Consulting Fee provision of the Consulting Agreement, Defendants' misunderstanding does not, *per se*, result from their own negligence – especially given Mr. Meyer's statement to Defendant Fili on regarding the Consulting Fee, as discussed above.  Significantly, Defendants do not admit (as A&R submits) that they never read the Consulting Agreement until April 2022 – they simply concede that it was not until April 2022 that they realized that the parties had different impressions of what the Consulting Agreement required.  (*See* ECF No. 12 at PAGEID ## 52-53, ¶¶ 77-85.)  Discovery is needed to clarify whether this delay was reasonable, or if it amounted to negligence.

Separately, Defendants also adequately allege that A&R previously breached and repudiated its obligations under the Consulting Agreement – facts which, taken as true, also

preclude judgment on the pleadings. Specifically, Defendants allege that Mr. Meyer "advised [Defendant] Filion that he did not have any more time to devote to the effort and was ***abandoning his efforts to find a buyer***." (ECF No. 12 at PAGEID # 50, ¶ 64 (emphasis added).) Taking these allegations as true, the Court can again envision a set of facts under which Defendants prevail against A&R's breach of contract claim. *Bruce*, 2021 WL 4479506, at *2. Given these uncertainties, the Court cannot award judgment on the pleadings. *Atlas Noble, LLC v. Krizman Enterprises*, No. 5:13CV1505, 2014 WL 1153725, at *4 (N.D. Ohio Mar. 20, 2014) ("The Court concludes that there are simply too many unanswered questions and that judgment on the pleadings is, therefore, not only ill-advised at this early stage, but also precluded.").

## IV.

For these reasons, Plaintiff's Motion for Judgment on the Pleadings (ECF No. 19) is **DENIED**, and Defendants' Motion for Leave to File Sur-Reply (ECF No. 30) is **GRANTED**.

**IT IS SO ORDERED.**

DATED: March 29, 2023

/s/ *Elizabeth A. Preston Deavers*
**ELIZABETH A. PRESTON DEAVERS**
**UNITED STATES MAGISTRATE JUDGE**

8